UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 15-1782 JFW (FFM) | Date | June 17, 2016 |
| Title | JEAN ANNE WARING v. CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY | | |

Present: The Honorable   Frederick F. Mumm, United States Magistrate Judge

| James Munoz | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None present | None present |

**Proceedings:**   ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED

On September 1, 2015, Plaintiff Jean Anne Waring ("Plaintiff") filed a Complaint for Review of Social Security Decision ("Complaint"). (Dkt. No. 1.) Pursuant to Fed. R. Civ. P. 4(b), on September 15, 2016, the Clerk of the Court issued Summons to Plaintiff to be served upon Defendant. (Dkt. No. 6.)

On September 25, 2015, the Court issued its standard Case Management Order ("CMO"). (Dkt. No. 7.) The CMO directed Plaintiff to serve the Complaint and related documents on Defendant in the following manner:

> Plaintiff shall promptly serve the Summons and Complaint on defendant . . . by certified or registered mail, or in the alternative, personally at Room 7516, Federal Building, 300 North Los Angeles Street, Los Angeles, California 90012, and by certified or registered mail on the Commissioner of the Social Security Administration and the Attorney General, as required by law), and shall file a proof of such service within thirty (30) days of the date of this Order.

(*Id.* at 2.)[1] Moreover, the CMO ordered Defendant to file an answer to the Complaint within one hundred twenty days of service of the Complaint. (*Id.*)

---

[1] All citations to filings in this case refer to the pagination provided by the Court's electronic docket.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV 15-1782 JFW (FFM) | Date | June 17, 2016 |
| Title | JEAN ANNE WARING v. CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY | | |

On October 23, 2015, Petitioner filed a proof of service ("POS"), (Dkt. No. 9.) The POS indicates that an individual named Marylyn Waring served on Defendant the Complaint, Summons, and notice of interested parties, by certified mail at the following addresses:

(1) U.S. Attorney's Office
    300 North Los Angeles St., Suite 7516
    Los Angeles, CA 90012

(2) U.S. Department of Justice
    950 Pennsylvania Avenue, NW
    Washington D.C. 20530-0001

(3) Social Security Administration
    160 Spear Street, Suite 800
    San Francisco, CA 94105-1545

(*Id.* at 1–4.) However, as reflected by the Court's electronic docket, Plaintiff did *not* return the original Summons.

After Defendant failed to file anything in this case, on May 24, 2016, the Court issued an Order to Show Cause why judgment should not be entered for Plaintiff. (Dkt. No. 10.)

On June 13, 2016, Defendant responded to the Court's OSC (the "Response"). (Dkt. No. 11.) The Response stated that while the United States Attorney's Office had received copies of the Summons and Complaint, the Summons was "defective," having been neither dated nor signed by the Court Clerk. (Dkt. No. 11 at 2.) The Response also noted that, on October 29, 2015, Defendant sent a courtesy letter to Plaintiff informing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-1782 JFW (FFM) | Date | June 17, 2016 |
|---|---|---|---|
| Title | JEAN ANNE WARING v. CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY | | |

her of the Summons' deficiencies. (Dkt. No. 11 at 3.) Copies of both the deficient Summons and the courtesy letter were attached to the Response. (Dkt. No. 11, Ex. A.)

After reviewing the Summons, the Court finds that it is indeed defective. The Summons was neither signed by the Clerk nor bore the Court's seal, and therefore did not comply with Federal Rule of Civil Procedure 4(a)(1). (Dkt. No. 11, Ex. A at 3.) Accordingly, service was improper, and Defendant was not required to take any action following receipt of the Complaint and defective Summons.

The Court's September 25, 2015, CMO required Plaintiff to "promptly serve the Summons and Complaint on defendant." (Dkt. No. 7 at 2.) Plaintiff's failure to properly serve Defendants, despite being on notice that service was improper, constitutes a failure to prosecute and a violation of this Court's CMO. Both are reasons for which the Complaint may be dismissed. *See Pagtalunan v. Galaza*, 291 F.3d 639, 640–43 (9th Cir. 2002) (affirming district court's *sua sponte* dismissal of habeas petition with prejudice "for failure to prosecute and failure to comply with a court order").

Based on the foregoing, Plaintiff is ordered to show cause, in writing and within thirty (30) days of this Order, why the Complaint should not be dismissed for failure to prosecute and for failure to comply with a court order. Alternatively, Plaintiff may satisfy this Order if she effectuates *proper* service on Defendant and files proof of service thereof with the Court within thirty days (30) of the date of this Order.

IT IS SO ORDERED.

|  | : |
|---|---|
| Initials of Preparer | JM |